

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-17-00385-CV

**MELLISA BERKLEY,**
            Appellant  v.

**SANDRA BARTON,**
            Appellee

_____

**From the County Court at Law No. 2**
**Johnson County, Texas**
**Trial Court No. CC-C20170401**

---

## MEMORANDUM OPINION

---

Mellisa Berkley appeals from an order that dismissed her appeal to the county

court at law from an eviction proceeding in the justice court.  The eviction proceeding

was filed by Sandra Barton and heard by the justice court on June 14, 2017. The justice court signed an order of eviction on June 14, 2017 which gave Berkley until July 14, 2017 to vacate the premises located at the address given in the petition for eviction.

On August 22, 2017, the justice court signed a judgment nunc pro tunc. Nothing in the record indicates that the parties were given notice or that there were any pleadings on file to request that a judgment nunc pro tunc be rendered. The judgment nunc pro tunc's sole change from the original judgment was to add that Barton was being awarded possession of and Berkley was being evicted from "a manufactured home located at" the address previously included in the judgment. Berkley appealed the judgment nunc pro tunc to the county court at law on August 23, 2017, and Barton filed a second plea to the jurisdiction. In a written order signed on October 31, 2017, the county court at law granted the plea to the jurisdiction and found that the judgment nunc pro tunc was a nullity because it was entered without notice to any party and without a hearing. In that same order, the county court at law also found that the appeal bond was not filed within five days of the signing of the judgment on June 14, 2017, and therefore, the county court at law did not have jurisdiction of Berkley's appeal and dismissed the appeal.

Berkley appeals to this Court from the county court at law's order dismissing her appeal, complaining that the first judgment and the judgment nunc pro tunc rendered by the justice court were both void and therefore, the county court at law had jurisdiction to hear the appeal because questions of jurisdiction may be raised at any time.

Neither Barton nor Berkley filed a motion for judgment nunc pro tunc in the justice court. The judgment nunc pro tunc was rendered *sua sponte* and both parties agreed in the plea to the jurisdiction hearing that they were not given notice of the justice court's intent to render the judgment nunc pro tunc. Rule 316 of the Rules of Civil Procedure provide that a trial court may correct clerical mistakes in the judgment after notice to the parties interested in the judgment. *See* TEX. R. CIV. P. 316. Our review of the record also does not show that the parties were given notice of the justice court's intent to render the judgment nunc pro tunc. Therefore, we agree that the judgment nunc pro tunc was erroneously rendered by the justice court and the county court at law's finding that set aside that judgment was not erroneous.

However, we are left with the question of what to do about Berkley's issues regarding the June 14, 2017 judgment rendered by the justice court. Berkley contends that she should have been able to raise her jurisdictional arguments to the county court

Berkley v. Barton        Page 3

at law because the original judgment was void even if she did not timely appeal from the judgment. Berkley complains that the first judgment rendered by the justice court was void on its face because it gave her a month to vacate the premises which was outside of the five day appeal window and because it purported to adjudicate title to the property, which was not properly before the justice court. Also, Berkley contends that the only way Barton could have been awarded possession of the property was to adjudicate the merits of competing claims for title, which the justice court does not have jurisdiction to determine, which also makes the judgment void.

Justice of the peace courts are courts of limited jurisdiction, and have original jurisdiction of a limited number of causes of action, including cases of forcible entry and detainer. *See* TEX. CONST. art. V, § 19; TEX. GOV'T CODE ANN. § 27.031(a)(2). Justice courts expressly do not have jurisdiction of suits to try title to land. TEX. GOV'T CODE ANN. § 27.031(b)(4).

The question becomes whether the county court at law could determine by way of a direct appeal whether or not the judgment was void when the original judgment was not timely appealed to it. The county court at law had jurisdiction over the issues surrounding the judgment nunc pro tunc because Berkley's appeal from that order was

Berkley v. Barton          Page 4

timely filed. However, the county court at law did not have jurisdiction to address the issues from the June 14, 2017 judgment because it was not appealed nor did Berkley seek other relief before the deadline to appeal to the county court at law had passed. Rule of Civil Procedure 329b(h) states that "if a correction is made pursuant to Rule 316 after expiration of the period of plenary power provided by this rule, no complaint shall be heard on appeal that could have been presented in an appeal from the original judgment." The issues about which Berkley complains should have been raised by a timely appeal or other remedy such as a bill of review or mandamus. Because the county court at law did not have jurisdiction over a direct appeal of the June 14, 2017 judgment, our review is also limited to what the county court at law had jurisdiction to review.

Even if we were able to review Berkley's contentions related to the June 14, 2017 judgment, because there was no record made in the justice court and no record of the substance of Berkley's contentions regarding the issue of title in the county court at law, there is no record from which we could even potentially review this issue within the record as provided. To make matters even more complicated, Barton has refused to file a brief in this proceeding in support of her arguments to the county court at law. Therefore, we are being called upon to make an initial determination of an issue over

which the county court at law did not have appellate jurisdiction with no evidence in a record properly before us and without the benefit of Barton's position or arguments.

As to this proceeding, in the procedural posture it has been presented to us, we find that the county court at law did not err by dismissing Berkley's appeal to the county court because it was not filed timely. The issues surrounding the June 14, 2017 judgment could not be appealed based on the judgment nunc pro tunc pursuant to Rule of Civil Procedure 329b(h). The county court did not have jurisdiction to review the June 14, 2017 judgment because the appeal was not timely. Because of that, the county court did not err by dismissing the appeal. We overrule Berkley's sole issue.

## CONCLUSION

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Affirmed
Opinion delivered and filed November 13, 2019
[CV06]



Berkley v. Barton      Page 6